JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CAROL KIRBY, and<br><br>GREGORY KIRBY,<br><br>　　　　Defendants.<br><br>NYE COUNTY,<br><br>　　　　Third-Party Petitioner. | 2:23-CR-191-APG-NJK<br>2:23-CR-202-RFB-EJY<br><br>**Stipulation for Entry of Order of Forfeiture as to Nye County and Order** |

　　　　The United States of America and Nye County agree as follows:

　　　　1.　　The government filed a One-Count Information against Carol Kirby in case number 2:23-CR-191-APG-NJK (191) for violations of 18 U.S.C. §§ 1347 and 371. Criminal Information (191), ECF No. 14.

　　　　2.　　The government filed a One-Count Information against Gregory Kirby in case number 2:23-CR-202-RFB-EJY (202) for violations of 18 U.S.C. §§ 1347 and 371. Criminal Information (202), ECF No. 14.

　　　　3.　　Carol Kirby pled guilty to Count One of a One-Count Criminal Information charging her with conspiracy to commit an offense against the United States in violation of 18 U.S.C. §§ 1347 and 371.[1]

---

[1] Criminal Information, ECF No. 14; Plea Agreement, ECF No. 15; Arraignment & Plea, ECF No. 17.

4. Gregory Kirby pled guilty to Count One of a One-Count Criminal Information charging him with conspiracy to commit an offense against the United States in violation of 18 U.S.C. §§ 1347 and 371.[2]

5. Gregory and Carol Kirby agreed to forfeit specific property, including 781 N. Leslie St., Pahrump, Nevada 89060, more particularly described as:

> THE NORTHWEST QUARTER (NW 1/4) OF THE NORTHWEST QUARTER (NW 1/4) OF SECTION 8, TOWNSHIP 20 SOUTH, RANGE 53 EAST, M.D.B. &M. EXCEPTING THEREFROM THAT CERTAIN PARCEL OF LAND CONVEYED BY DOCUMENT RECORDED MAY 22, 1974 IN BOOK 173 OF OFFICIAL RECORDS, PAGE 36 AS FILE NO. 42259 NYE COUNTY, NEVADA RECORDS. ALSO DESCRIBED AS: T20S R53E S8-S S NW NW P#9732 10AC AND ALL IMPROVEMENTS AND APPURTENANCES THEREON. APN: 036-041-06 (property).

I, Bradley J. Richardson, under 28 U.S.C. § 1746(2), state as follows:

6. On September 29, 2022, Nye County recorded a Treasurer's Certificate against the property for unpaid taxes.

7. On May 10, 2024, the United States mailed notice to Nye County of the forfeiture actions in the above-named cases.

8. Under 21 U.S.C. § 853(n)(2), Nye County claims an interest in the property for past due valorem taxes of $3,324.04 and special assessments due for unpaid utilities of $113.46.

9. Nye County has a legal right, title, or interest in the property, and such right, title, or interest renders the orders of forfeiture of it invalid in part because the right, title, or interest was vested in it rather than the defendants and has superior right, title, or interest of the defendants at the time of the commission of the acts which gave rise to the forfeiture of the property under 21 U.S.C. § 853(n)(6)(A).

10. Nye County has not been compensated by Gregory or Carol Kirby for the amounts owed.

11. Nye County has not traded, sold, or otherwise alienated its interest in the property.

---

[2] Criminal Information, ECF No. 14; Plea Agreement, ECF No. 15; Arraignment & Plea, ECF No. 20.

12. Nye County contacted the United States timely to resolve its interest in the property and enters into this Stipulation in lieu of filing a Petition as set forth in 21 U.S.C. § 853(n)(2) and (3).

13. Nye County knowingly and voluntarily agrees to the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property.

14. Nye County knowingly and voluntarily agrees to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the property.

15. Nye County knowingly and voluntarily agrees to waive its right to any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings (all of which constitutes proceedings) of the property.

16. Nye County knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the property.

17. Nye County knowingly and voluntarily agrees to waive any further notice to it, its agents, or its attorneys regarding the forfeiture and disposition of the property.

18. Nye County knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the property.

19. Nye County knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents it filed in any proceedings concerning the property.

20. Nye County knowingly and voluntarily agrees to waive its right to a hearing on the forfeiture of the property.

21. Nye County knowingly and voluntarily waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), and 21 U.S.C. § 853(n), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case, and any and all constitutional, statutory, legal, equitable rights,

defenses, and claims regarding the forfeiture in any proceedings, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution.

22. Nye County knowingly and voluntarily waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution.

23. Nye County knowingly and voluntarily waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, excessive fines and cruel and unusual punishments under the Eighth Amendment to the United States Constitution.

24. Nye County knowingly and voluntarily agrees to the entry of Orders of Forfeiture of the property to the United States.

25. Nye County knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Entry of Order of Forfeiture as to Nye County and Order (Stipulation).

26. Nye County knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the Internal Revenue Service, their agencies, their agents, and their employees from any claim made by it or any third party arising from the facts and circumstances of this case.

27. Nye County knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the Internal Revenue Service, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Nye County now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

28. Except as expressly stated in the Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Stipulation, and no party, officer, agent, employee, or representative relies on such statement or representation in executing the Stipulation.

29. After the Courts enter an order granting the Motions for Interlocutory Sale of the property or after the property is forfeited in the criminal cases, the Final Orders of Forfeiture are entered, and the United States District Court has signed the Stipulation concerning the property, within a practicable time thereafter for the United States, the United States agrees that Nye County will receive payment from the sale proceeds of the property. When the conditions in this paragraph are met, the United States will transfer to Nye County:

   a. unpaid valorum taxes of $3,324.04;
   b. special assessment of $113.46; and
   c. additional ad valorum taxes of $298 per quarter prorated.

30. If, due to accruing charges or any other reason, the total to be paid to Nye County equals or exceeds the fair market value of the property, this Stipulation shall be null and void, and the United States may allow Nye County to foreclose on the property.

31. The persons signing the Stipulation warrant and represent they have full authority to execute the Stipulation and to bind the entities, on whose behalf they are signing, to the terms of the Stipulation.

32. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

33. Each party acknowledges and warrants that its execution of the Stipulation is free and is voluntary.

34. The Stipulation contains the entire agreement between the parties.

5

35. Each party shall bear its own attorneys' fees, expenses, interest, and costs.

36. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

I declare under penalty of perjury that the foregoing is true and correct. Execute on JUNE 3, 2024

Dated: _____

BRIAN KUNZI
Nye County District Attorney's Office

JASON M. FRIERSON
United States Attorney

_____
Bradley J. Richardson
Chief Deputy District Attorney - Criminal
Third-Party Petitioner

_____
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: _____

6

35. Each party shall bear its own attorneys' fees, expenses, interest, and costs.

36. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the property.

I declare under penalty of perjury that the foregoing is true and correct. Execute on _____, 2024

Dated: June 3, 2024

BRIAN KUNZI
Nye County District Attorney's Office

JASON M. FRIERSON
United States Attorney

_____
Bradley J. Richardson
Chief Deputy District Attorney - Criminal
Third-Party Petitioner

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

UNITED STATES DISTRICT JUDGE

DATED: June 4, 2024