JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
Attorneys for the United States

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:23-CR-191-APG-NJK |
| Plaintiff, | 2:23-CR-202-RFB-EJY |
| v. | **Stipulation for Entry of Order of Forfeiture as to Clark County and Order** |
| CAROL KIRBY, and | |
| GREGORY KIRBY, | |
| Defendants. | |
| CLARK COUNTY, | |
| Third-Party Petitioner. | |

The United States of America and Clark County agree as follows:

1. The government filed a One-Count Information against Carol Kirby in case number 2:23-CR-191-APG-NJK (191) for violations of 18 U.S.C. §§ 1347 and 371.[1]

2. The government filed a One-Count Information against Gregory Kirby in case number 2:23-CR-202-RFB-EJY (202) for violations of 18 U.S.C. §§ 1347 and 371.[2]

3. Carol Kirby pled guilty to Count One of a One-Count Criminal Information charging her with conspiracy to commit an offense against the United States in violation of 18 U.S.C. §§ 1347 and 371.[3]

---

[1] Criminal Information (CI), ECF No. 14 (191).
[2] CI, ECF No. 14 (202).
[3] CI, ECF No. 14; Plea Agreement (PA), ECF No. 15; Arraignment & Plea (A&P), ECF No. 17 (191).

1

4. Gregory Kirby pled guilty to Count One of a One-Count Criminal Information charging him with conspiracy to commit an offense against the United States in violation of 18 U.S.C. §§ 1347 and 371.[4]

5. Gregory and Carol Kirby agreed to forfeit specific property, including:

A. 6800 E. Lake Mead Blvd #2076, Las Vegas, Nevada 89156, more particularly described as

PARCEL I:

TOGETHER WITH AN UNDIVIDED ALLOCATED FRACTIONAL INTEREST IN AND TO THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE AMENDED PLAT AND THE MOUNTAINSIDE COMMUNITY SUBDIVISION DECLARATION.

PARCEL II:

UNIT 2076 IN BUILDING 10, AS SHOWN ON THE FINAL MAP OF AMENDED PLAT OF MOUNTAINSIDE COMMUNITY SUBDMSION, FILED IN BOOK 50 OF PLATS, PAGE 29, IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA, AND AS DEFINED AND SET FORTH IN AND SUBJECT TO THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR AMENDED PLAT OF MOUNTAINSIDE COMMUNITY SUBDIVISION, RECORDED SEPTEMBER 24, 1993 AS INSTRUMENT NO. 01167 IN BOOK 930924, OFFICIAL RECORDS, CLARK COUNTY, NEVADA ("MOUNTAINSIDE COMMUNITY SUBDIVISION DECLARATION").

PARCEL III:

TOGETHER WITH AN EXCLUSIVE INTEREST IN AND TO THOSE LIMITED COMMON ELEMENTS, IF ANY, APPURTENANT TO THE UNIT, AS SET FORTH IN, AND SUBJECT TO, THE AMENDED PLAT AND THE MOUNTAINSIDE COMMUNITY SUBDIVISION DECLARATION.

PARCEL IV:

TOGETHER WITH A NON-EXCLUSIVE EASEMENT OF REASONABLE INGRESS TO AND EGRESS FROM THE UNIT, AND OF ENJOYMENT OF THE GENERAL COMMON ELEMENTS, AS SET FORTH IN, AND SUBJECT TO, THE AMENDED PLAT AND THE MOUNTAINSIDE COMMUNITY SUBDIVISION AND ALL IMPROVEMENTS AND APPURTENANCES THEREON. APN: 140-23-217-156.

6. On July 17, 2018, the United States recorded the certified copy of Lis Pendens for 6800 Lake Mead to notify the world the government was litigating the real property in a

/ / /

---

[4] CI, ECF No. 14; PA, ECF No. 15; A&P, ECF No. 20 (202).

civil forfeiture action.[5] On August 16, 2018, the United States recorded a Request for Notice, requesting a copy of any Notice of Default or Notice of Sale regarding 6800 Lake Mead.[6]

7. On June 9, 2021, the Treasurer transferred the deed of 6800 Lake Mead to the County for unpaid taxes after it recorded a Tax Certification against the property on December 26, 2019.[7] By January 2024, the US Attorney's Office received Clark County Treasurer's Notice of Intent to Sell 6800 Lake Mead.[8] The property was scheduled to be sold by Clark County for past due taxes in May 2024, but the County agreed to remove the property from the sale roll pending the resolution of the interests of the United States through this criminal proceeding. According to the Treasurer's Notice and the Treasurer's on-line account inquiry, the total amount of taxes due to the County was $4,859.12.[9] The last tax payment on 6800 Lake Mead was received on October 9, 2018.[10]

8. Despite the fact the United States recorded a Lis Pendens in July 2018, the Clark County Treasurer still acted against the United States' interest in 6800 Lake Mead when it issued a Tax Certification in Dec 2019, then transferred the deed to the County in June 2021, and further issued its Notice of Intent to Sell in January 2024.

9. Gregory and Carol Kirby agreed to forfeit specific property, including:

B. 2284 Mesa Canyon Dr, Laughlin, Nevada 890297, more particularly described as:

> LOT 9 IN BLOCK 1 OF TERRACE V UNIT 1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK41 OF PLATS, PAGE 73, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA AND ALL IMPROVEMENTS AND APPURTENANCES THEREON. APN: 264-21-311-009.

/ / /

---

[5] LR IA 10-3(a); Prevent Sale Motion (PSM), ECF No. 22, Exhibit (Ex.) 2, Recorded Certified Copy of Lis Pendens for 6800 Lake Mead (191); PSM, ECF No. 26, Ex.2 (202).
[6] PSM, ECF No. 22, Ex. 3, Recorded Request for Notice for 6800 Lake Mead (191); PSM, ECF No. 26, Ex. 3 (202).
[7] PSM, ECF No. 22, Ex. 5, Clark County Recorder, Parcel Search on 6800 Lake Mead (191); PSM, ECF No. 26, Ex. 5 (202).
[8] PSM, ECF No. 22, Ex. 6, Clark County Treasurer Notice of Intent to Sell 6800 Lake Mead (191); PSM, ECF No. 26, Ex. 6 (202).
[9] PSM, ECF No. 22, Ex. 6, Ex.7, Clark County Treasurer Account Inquiry for 6800 Lake Mead (191); PSM, ECF No. 26, Ex. 6, Ex. 7 (202).
[10] PSM, ECF No. 22, Ex.7 (191); PSM, ECF No. 26, Ex. 7 (202).

10. On July 17, 2018, the United States recorded the certified copy of Lis Pendens for 2284 Mesa Canyon to notify the world the government was litigating the real property in a civil forfeiture in rem action.[11] On August 16, 2018, the United States recorded a Request for Notice, requesting a copy of any Notice of Default or Notice of Sale regarding 2284 Mesa Canyon.[12]

11. On June 9, 2021, the Treasurer transferred the deed of 2284 Mesa Canyon to Clark County for unpaid taxes after it recorded a Tax Certification against the property on December 26, 2019.[13] By January 2024, the US Attorney's Office received Clark County Treasurer's Notice of Intent to Sell 2284 Mesa Canyon.[14] Clark County scheduled to sell the property for past due taxes in May 2024, but Clark County agreed to remove the property from the sale roll pending the resolution of the interests of the United States through this criminal proceeding. According to the Clark County Treasurer's Notice and website, the total amount of taxes due to the County was $19,773.14.[15] The last tax payment on 2284 Mesa Canyon was received on May 21, 2018.[16]

12. Despite the fact the United States recorded a Lis Pendens in July 2018, the Clark County Treasurer still acted against the United States' interest in 2284 Mesa Canyon when it issued a Tax Certification in December 2019, then transferred the deed to the County in June 2021, and further issued its Notice of Intent to Sell in January 2024.

13. The United States served Clark County of the forfeiture notice and the Preliminary Forfeiture Order of these two criminal cases.[17]

---

[11] LR IA 10-3(a); PSM, ECF No. 23, Ex. 2, Recorded Certified Copy of Lis Pendens for 2284 Mesa Canyon (191); PSM, ECF No. 27, Ex. 2 (202).
[12] PSM, ECF No. 23, Ex. 3, Recorded Request for Notice for 2284 Mesa Canyon (191); PSM, ECF No. 27, Ex. 3 (202).
[13] PSM, ECF No. 23, Ex. 5, Clark County Recorder, Parcel Search on 2284 Mesa Canyon (191); PSM, ECF No. 27, Ex. 5 (202).
[14] PSM, ECF No. 23, Ex. 6, Clark County Treasurer Notice of Intent to Sell 2284 Mesa Canyon (191); PSM, ECF No. 27, Ex. 6 (202).
[15] PSM, ECF No. 23, Ex. 6; Ex. 7, Clark County Treasurer Account Inquiry for 2284 Mesa Canyon (191); PSM, ECF No. 27, Ex. 6, Ex. 7 (202).
[16] PSM, ECF No. 23, Ex. 7 (191); PSM, ECF No. 27, Ex. 7 (202).
[17] Notice of Proof of Publication, ECF No. 19, Ex. 1-2 (191); Notice of Proof of Second Publication, ECF No. 34, Ex. 1-2 (191); Notice of Service of Process-Mailing, ECF No. 36, Ex. 1-5 (191); Notice of Service of Process-Personal Service, ECF No. 45, Ex. 1-5 (191); Notice of Proof of Publication, ECF No. 23, Ex. 1-2 (202); Notice of Proof of Second

14. Clark County filed defective third-party petitions in both criminal cases.[18]

15. For consideration of cooperation between Clark County, Nevada, and the United States and to avoid litigation, only in these two criminal cases, *United States v. Carol Kirby*, 2:23-CR-191-APG-NJK, and *United States v. Gregory Kirby*, 2:23-CR-202-RFB-EJY will the United States waive Clark County's constitutionally fatal defective third-party petitions: failure to establish statutory standing that permits Clark County to collect certain types of real property taxes against the United States. The United States warns that it shall not waive this defect in any future criminal or civil cases where Clark County files third-party petitions in criminal cases and civil judicial forfeiture claims in civil forfeiture in rem actions.

16. Gregory or Carol Kirby and their fraudulent straw purchasers have not compensated Clark County for the amounts owed.

17. Clark County has not traded, sold, or otherwise alienated its interests in the properties.

18. Clark County knowingly and voluntarily agrees to the civil judicial forfeiture or the criminal forfeiture of the properties.

19. Clark County knowingly and voluntarily agrees to relinquish all possessory rights, ownership rights, and all rights, titles, and interests in the properties.

20. Clark County knowingly and voluntarily agrees to waive its right to any civil judicial forfeiture proceedings or any criminal forfeiture proceedings (which constitutes proceedings) of the properties.

21. Clark County knowingly and voluntarily agrees to waive service of process of any and all documents filed in these criminal cases or any proceedings concerning these properties.

/ / /

---

Publication, ECF No. 42, Ex. 1-2 (202); Notice of Service of Process-Mailing, ECF No. 46, Ex. 1-5 (202); Notice of Service of Process-Personal Service, ECF No. 54, Ex. 1-5 (202).
[18] Clark County and Clark County Treasure Office's Petition for Ancillary Hearing, ECF No. 24 (191); Clark County and Clark County Treasure Office's Petition for Ancillary Hearing, ECF No. 28 (202).

22. Clark County knowingly and voluntarily agrees to waive any further notice to it, its agents, or its attorneys regarding the forfeiture and disposition of these properties.

23. Clark County knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in these proceedings concerning the properties.

24. Clark County knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents it filed in any proceedings concerning these properties, including reversing its documents it recorded with the Clark County Recorder to provide clear title under the law for the United States to sell the real properties.

25. Clark County knowingly and voluntarily agrees to waive its right to a hearing on the forfeiture of the properties.

26. Clark County knowingly and voluntarily waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), and 21 U.S.C. § 853(n), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the forfeiture in any proceedings, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution.

27. Clark County knowingly and voluntarily waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the properties in any proceedings, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution.

28. Clark County knowingly and voluntarily waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the properties in any proceedings, including, but not limited to, excessive fines and cruel and unusual punishments under the Eighth Amendment to the United States Constitution.

29. Clark County knowingly and voluntarily agrees to the entry of Orders of Forfeiture of the properties to the United States.

30. Clark County knowingly and voluntarily agrees to the conditions set forth in this Stipulation for Entry of Order of Forfeiture as to Clark County and Order (Stipulation).

31. Clark County knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the Internal Revenue Service, Internal Revenue Service-CI, their agencies, their agents, and their employees from any claim made by it or any third party arising from the facts and circumstances of these cases.

32. Clark County knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the United States Department of the Treasury, the Internal Revenue Service, Internal Revenue Service-CI, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that Clark County now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the properties in the civil judicial forfeitures and the criminal forfeitures.

33. Except as expressly stated in this Stipulation, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into this Stipulation, and no party, officer, agent, employee, or representative relies on such statement or representation in executing this Stipulation.

34. After the Courts enter orders granting the Motions for Interlocutory Sale of the properties and after the properties are forfeited in the criminal cases, the Final Orders of Forfeiture are entered, and the United States District Court has signed this Stipulation concerning the properties, within a practicable time thereafter for the United States, the

United States agrees that Clark County will receive payment from the sale proceeds of the properties. When the conditions in this paragraph are met, the United States will transfer to Clark County:

      a. $4,945.55 for 6800 Lake Mead and

      b. $20,126.24 for 2284 Mesa Canyon.

35. If, due to accruing charges or any other reason, the total to be paid to Clark County equals or exceeds the fair market value of the properties, this Stipulation shall be null and void, and the United States may allow Clark County to complete the tax sale ofn the properties.

36. The persons signing this Stipulation warrant and represent they have full authority to execute this Stipulation and to bind the entities, on whose behalf they are signing, to the terms of this Stipulation.

37. This Stipulation shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Stipulation is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

38. Each party acknowledges and warrants that its execution of this Stipulation is free and is voluntary.

39. This Stipulation contains the entire agreement between the parties.

40. Each party shall bear its own attorneys' fees, expenses, interest, and costs.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

41. This Stipulation shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Stipulation.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the encumbrance and forfeiture of the properties.

Dated: August 9, 2024

STEVEN B. WOLFSON
DISTRICT ATTORNEY

/s/ Sarah D. Schaerrer
SARAH D. SCHAERRER
Deputy District Attorney
Attorney for Clark County and
Clark County Treasurer,
Third-Party Petitioner,

Dated: August 9, 2024

JASON M. FRIERSON
United States Attorney

/s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: August 12, 2024

9