JASON M. FRIERSON
United States Attorney
Nevada Bar No.7709
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney
Nevada Bar No. 1925
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Daniel.Hollingsworth@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:23-CR-191-APG-NJK |
| Plaintiff, | **ORDER** |
| v. | **Reply to Non-Response to United States of America's Motion to Prevent the Sale of 6800 E. Lake Mead Blvd. #2076, Las Vegas, Nevada 89156, ECF No. 22** |
| CAROL KIRBY, | |
| Defendant. | |

The government certifies this Reply is filed timely.[1]

The government replies to the failure to respond by Clark County Treasurer (Treasurer) and the failure to respond by Mountainside Unit Owners Association, aka Mountainside Community Association (Mountainside HOA), to the Government's Motion to Prevent the Sale of 6800 E. Lake Mead Blvd. #2076, Las Vegas, Nevada 89156 (6800 Lake Mead).[2] The government filed the Motion on May 24, 2024, and served the Motion on Clark County and the Treasurer by personal service on June 12, 2024, served Mountainside HOA and its affiliates by personal service on June 18, 2024, and served potential interested parties by regular first class mail and certified mail return receipt requested on May 31, 2024.[3] Because Clark County, the Treasurer, and Mountainside HOA and its affiliates failed

---

[1] LR 7-2(b) and LCR 12-1(a)(3).
[2] United States of America's Motion to Prevent the Sale of 6800 E. Lake Mead Blvd. #2076, Las Vegas, Nevada 89156 (Motion), ECF No. 22.
[3] Motion, ECF No. 22; Certificate of Service, ECF No. 41.

to respond to the government's Motion, they consented to granting the motion and preventing the sale of 6800 Lake Mead.[4]

The government requested an Order preventing the Treasurer's tax sale and Mountainside HOA's default proceedings and foreclosure sale because 21 U.S.C. § 853(k) prohibits the Treasurer and the HOA from selling the property since the government has alleged 6800 Lake Mead is subject to forfeiture in the indictment; the United States has authority to protect its forfeiture interest in 6800 Lake Mead under 21 U.S.C. § 853(c) and 853(e)(1)(A); and the Property Clause and Supremacy Clause of the U.S. Constitution prevent the Treasurer and the HOA from disposing of property belonging to the United States.

Section 853(k) prohibits any person or entity to "commence an action at law or equity against the United States concerning the validity of" her, his or its "alleged interest in the property subsequent to the filing of an indictment… alleging that the property is subject to forfeiture…."[5]

The United States has authority to seek the preservation of property for forfeiture. Under 21 U.S.C. § 853(c), the property "vests in the United States upon the commission of the act giving rise to [the] forfeiture…."[6] Under 21 U.S.C. § 853(e)(1)(A), "the court may…take any… action to preserve the availability of property… upon the filing of an indictment… charging a violation… for which criminal forfeiture may be ordered…."[7]

The interests of the Treasurer and Mountainside HOA do not supersede the United States' interest in the property[8] and the non-judicial act to sell the property is an improper

---

[4] LCR 47-3 (formerly LCR 47-9) ("The failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion"); *United States v. Martinez*, Nos. 2:04-CR-00286-KJD-(GWF) and 2:05-CV-1527-KJD-(GWF), 2006 WL 1215173, 1 (D. Nev. May 2, 2006); *United States v. Martinez-Rodriquez*, No. 2:08-CR-0093-JCM-(RJJ), 2009 WL 211906, 1 (D. Nev. Jan. 23, 2009); *Federal Trade Commission v. OMICS Group Inc.*, No. 2:16-CV-02022-GMN-VCF, 2017 WL 6806802, 2 (D. Nev. Dec. 15, 2017).
[5] 21 U.S.C. § 853(k) (ellipses added); *United States v. MacInnes*, 223 F. App'x 549, 552 (9th Cir. 2007) (unpublished); *United States v. Lazarenko*, 476 F.3d 642, 647-48 (9th Cir. 1999).
[6] 21 U.S.C. § 853(c) (brackets and ellipsis added).
[7] 21 U.S.C. § 853(e)(1)(A) (ellipses added).
[8] *Rust v. Johnson*, 597 F.2d 174, 179 (9th Cir. 1979), *superseded by statute on other grounds*.

act against the United States and violates the Property Clause, Article IV, Section 3, Clause 2, and the Supremacy Clause of Article VI, Clause 2 of the United States Constitution.[9]

A tax sale and a default foreclosure sale are statutorily prohibited at this time because the United States has a forfeiture interest in the property. The Treasurer and Mountainside HOA cannot sell 6800 Lake Mead under 21 U.S.C. § 853, the Property Clause, and the Supremacy Clause.

**CONCLUSION**

Based on the foregoing reasons, this Court should enter an Order to prevent the Clark County Treasurer from proceeding with a Tax Sale and to prevent Mountainside Unit Owners Association, aka Mountainside Community Association, from proceeding with a HOA default foreclosure sale of 6800 E. Lake Mead Blvd. #2076, Las Vegas, Nevada 89156, limited during the pendency of this case so that the Clark County Treasurer and the HOA is not prohibited from ever selling this property via tax sale or HOA foreclosure sale should future owners default.

Dated: August 6, 2024.

Respectfully submitted,

JASON M. FRIERSON
United States Attorney

 /s/ Daniel D. Hollingsworth
DANIEL D. HOLLINGSWORTH
Assistant United States Attorney

IT IS SO ORDERED:

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

Dated: August 19, 2024

---

[9] *See Id.*; *see Yunis v. United States*, 118 F. Supp. 2d 1024, 1031 (C.D. Cal. 2000); *see Kleppe v. New Mexico*, 426 U.S. 529 (1976).